# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>THE BOEING CO., a Delaware Corporation, the LOCKHEED MARTIN CORPORATION, a Maryland Corporation, and the CITY OF MOSES LAKE, a municipal corporation of the State of Washington,<br><br>Defendants. | Civil Action No.<br><br>**CV-10-457-LRS**<br><br>COMPLAINT |

The United States of America, by the authority of the Attorney General of the United States and at the request of the Administrator of the United States Environmental Protection Agency ("EPA") and the Secretary of the United States Army, alleges as follows:

## NATURE OF THE ACTION

1. This is a civil action for recovery of costs under Section 107 of the Comprehensive Environmental Response, Compensation, and Liability Act

UNITED STATES' COMPLAINT

("CERCLA"), 42 U.S.C. § 9607. The United States seeks to recover the unreimbursed costs it has incurred in connection with the release and threatened release of hazardous substances into the environment at the Moses Lake Wellfield Superfund Site (the "Site") near Moses Lake, Washington.

## JURISDICTION AND VENUE

2.  This Court has jurisdiction over the subject matter of this action, and the defendant, pursuant to 28 U.S.C. §§ 1331 and 1345, and Sections 107 and 113 of CERCLA, 42 U.S.C §§ 9607 and 9613.

3.  Venue is proper in this District under Section and 113(b) of CERCLA, 42 U.S.C. § 9613(b), and 28 U.S.C. § 1391(b), because the claims arose, and the threatened and actual releases of hazardous substances occurred, within this judicial district.

## DEFENDANTS

4.  Defendant City of Moses Lake, Washington (the "City") is the current owner and operator of portions of the Site within the meaning of Section 107(a)(1) of CERCLA, 42 U.S.C. § 9607(a)(1), and owned and operated the wastewater treatment system on the Site at the time of disposal of hazardous substances at the Site, within the meaning of Section 107(a)(2) of CERCLA, 42 U.S.C. § 9607(a)(2)

5.  Defendant The Boeing Company ("Boeing") is the current owner of portions of the Site within the meaning of Section 107(a)(1) of CERCLA, 42 U.S.C. § 9607(a)(1), and owned and operated certain facilities on the Site at the time of disposal of hazardous substances at the Site, within the meaning of Section 107(a)(2) of CERCLA, 42 U.S.C. § 9607(a)(2)

6.  Defendant Lockheed Martin Corporation ("Lockheed") owned and operated the certain facilities on the Site at the time of disposal of hazardous substances at the Site, within the meaning of Section 107(a)(2) of CERCLA, 42 U.S.C. § 9607(a)(2).

UNITED STATES' COMPLAINT    - 2 -

U. S. DEPARTMENT OF JUSTICE
c/o NOAA/Damage Assessment
7600 Sand Point Way, NE
Seattle, WA 98115-0070
(206) 526-6607

7. The Defendants are "persons" within the meaning of Section 101(21) of CERCLA, 42 U.S.C. § 9601(21).

## STATUTORY FRAMEWORK

8. Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), provides:

> (1) the owner or operator of a vessel or a facility,
>
> (2) any person who at the time of disposal of any hazardous substance owned or operated any facility at which such hazardous substances were disposed of, . . .
>
> shall be liable for --
>
> > (A) all costs of removal or remedial action incurred by the United States Government . . . not inconsistent with the national contingency plan. . . .

## GENERAL ALLEGATIONS

9. The Moses Lake Site occupies approximately 15 square miles in Grant County, Washington and is situated approximately three miles northwest of the City of Moses Lake, Washington.

10. The Moses Lake Site is a "facility" within the meaning of Section 101(9) of CERCLA, 42 U.S.C. § 9601(9).

11. Between 1942 and 1966, a substantial portion of the Moses Lake Site was used as the former Larson Air force base ("LAFB"). During this period of time, Defendants Boeing and Lockheed conducted substantial operations at the Site.

12. Boeing's operations between 1942 and 1964 included, but were not limited to, flight testing and delivery to the United States Air Force of B-52 aircraft, refurbishment of KC-135 aircraft, and operation and facilities to support those programs.

13. Lockheed's predecessor-in-interest was the prime contractor for the Titan I missile program at Larson Air Force Base. Facilities involved in that

UNITED STATES' COMPLAINT    - 3 -

U. S. DEPARTMENT OF JUSTICE
c/o NOAA/Damage Assessment
7600 Sand Point Way, NE
Seattle, WA 98115-0070
(206) 526-6607

1   program included a liquid oxygen generating ("LOX") plant and a missile
2   assembly and maintenance shop ("MAMS").

3       14.   In or about 1968, Boeing purchased approximately 120 acres of
4   property on the Site, which includes a 3-place hangar and other facilities. Boeing
5   continues to own that facility and had conducted various activities at the Site since
6   1968.

7       15.   On information and belief, the activities conducted by Boeing and
8   Lockheed at the Site included the use and disposal of trichloroethylene ("TCE")
9   and/or chemicals containing TCE.

10      16.   The City owns property within the Site, including a drinking water
11  system and a sewage treatment plant within the Site. The City acquired both of
12  these facilities from the Air Force by quit claim deed on June 1, 1967, and has
13  operated these facilities up to the present day. The sanitary sewage treatment plant
14  has collected, and collects, contaminated water from a variety of sources within
15  the Site. On information and belief, the treatment plant may have been a source of
16  TCE releases at the Site.

17      17.   During 1988 and 1989, the State of Washington's Department of
18  Ecology ("Ecology") and the Washington State Department of Social and Health
19  Services ("DSHS") sampled the Moses Lake Site well systems including the
20  Skyline Water System. In addition, in 1990 Ecology and Environment ("E&E"),
21  an EPA contractor completed a preliminary investigation for U.S. EPA.

22      18.   EPA and the United States Army Corps of Engineers ("Corps") have
23  undertaken response actions at the Site, including, but not limited to, a Remedial
24  Investigation/Feasibility Study ("RI/FS").

25      19.   Ecology and DSHS sampling, the E&E investigation, and the RI/FS
26  demonstrated that as a result of waste disposal, practices, the groundwater was

27
28

UNITED STATES' COMPLAINT     - 4 -

U. S. DEPARTMENT OF JUSTICE
c/o NOAA/Damage Assessment
7600 Sand Point Way, NE
Seattle, WA 98115-0070
(206) 526-6607

contaminated with "hazardous substances" as that term is defined in Section 101(14) of CERCLA, 42 U.S.C. § 9601(14).

20. Hazardous substances, including TCE, were found in the groundwater at the Moses Lake Site.

21. Hazardous substances, including TCE, have been found in samples of the soils within the Site.

22. There were and are "releases" within the meaning of Section 101(22) of CERCLA, 42 U.S.C. § 9601(22), as well as the threat of continuing releases, of hazardous substances into the environment at and from the Site.

## CLAIM FOR RELIEF
(Claim for Recovery of Response Costs)

23. The allegations of the foregoing paragraphs are incorporated herein by reference.

24. The releases or threatened releases of hazardous substances at the Moses Lake Site have caused the United States to incur response costs as defined by Sections 101(25) and 107(a) of CERCLA, 42 U.S.C. §§ 9601(25) and 9607(a), in connection with the Site.

25. The costs of the response actions taken by the United States in connection with the Site are not inconsistent with the National Contingency Plan, 40 C.F.R. Part 300.

26. As of August xx, 2005, EPA and the United States Army Corps have incurred response costs for the Site in excess of $18,000,000.

27. Pursuant to Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), Defendants are jointly and severally liable to the United States for the response costs incurred by the United States in connection with the Site.

28. Pursuant to Section 113(g)(2) of CERCLA, 42 U.S.C. § 9613(g)(2), Defendants are liable for a "declaratory judgment on liability for response costs . .

UNITED STATES' COMPLAINT        - 5 -

U. S. DEPARTMENT OF JUSTICE
c/o NOAA/Damage Assessment
7600 Sand Point Way, NE
Seattle, WA 98115-0070
(206) 526-6607

. that will be binding on any subsequent action or actions to recover further response costs."

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff, the United States of America, respectfully requests that the Court:

1.    Award the United States a judgment against Defenants, for all costs incurred by the United States through August xx, 2005, in connection with the Moses Lake Wellfield Superfund Site, plus interest;

2.    Pursuant to Section 113(g)(2) of CERCLA, 42 U.S.C. § 9613(g)(2), enter a "declaratory judgment on liability for response costs . . . that will be binding on any subsequent action or actions to recover further response costs."

3.    Grant such other and further relief as this Court deems appropriate.

Respectfully submitted,

IGNACIA S. MORENO
Assistant Attorney General
Environment and Natural Resources Division

  /s Michael J. Zevenbergen
MICHAEL J. ZEVENBERGEN
Senior Counsel
Environmental Enforcement Section
United States Department of Justice
c/o NOAA/Damage Assessment
7600 Sand Point Way, NE
Seattle, WA 98115
(206) 526-6607
Facsimile: (206) 526-6665

Attorneys for United States of America

Dated: December 23, 2010

UNITED STATES' COMPLAINT — 6 —

U. S. DEPARTMENT OF JUSTICE
c/o NOAA/Damage Assessment
7600 Sand Point Way, NE
Seattle, WA 98115-0070
(206) 526-6607

<u>Certificate of Service</u>

Pursuant to Fed. R. Civ. 5(d), I certify that on December 23, 2010, I caused true and correct copies of the UNITED STATES' COMPLAINT to be served, in the manner specified below, on:

| | |
|---|---|
| Linda R. Larson<br>Marten Law Group PLLC<br>1191 Second Avenue, Suite<br>Seattle, Washington  98101-3099<br>llarson@martenlaw.com | [ ] Via Hand Delivery<br>[X] Via E-mail<br>[X] Via First-Class mail, postage pre-paid<br>[ ] Via Overnight Mail<br>[ ] Notice of electronic filing using CM/ECF |
| Mark William Schneider, Esq.<br>Eric S. Merrifield, Esq.<br>Perkins Coie – Seattle<br>1201 Third Avenue, Suite 4800<br>Seattle, Washington  98101-3099<br>mwschneider@perkinscoie.com<br>emerrifield@perkinscoie.com | [ ] Via Hand Delivery<br>[X] Via E-mail<br>[X] Via First-Class mail, postage pre-paid<br>[ ] Via Overnight Mail<br>[ ] Notice of electronic filing using CM/ECF |
| Robert Loewen, Esq.<br>Sarah Mayhew Schlosser, Esq.<br>Gibson, Dunn & Crutcher LLP - CA<br>3161 Michelson Drive<br>Irvine, CA 92612<br>RLoewen@gibsondunn.com<br>Sschlosser@gibsondunn.com | [ ] Via Hand Delivery<br>[X] Via E-mail<br>[X] Via First-Class mail, postage pre-paid<br>[ ] Via Overnight Mail<br>[ ] Notice of electronic filing using CM/ECF |
| Michael L. Dunning<br>Assistant Attorney General<br>2425 Bristol Court S.W.<br>P.O. Box 40117<br>Olympia, WA 98504-0117<br>MichaelD@ATG.WA.gov | [ ] Via Hand Delivery<br>[X] Via E-mail<br>[X] Via First-Class mail, postage pre-paid<br>[ ] Via Overnight Mail<br>[ ] Notice of electronic filing using CM/ECF |

/s Michael J. Zevenbergen
MICHAEL J. ZEVENBERGEN